93 460
106 61

## WILLIAM F. NEAR v. HENRY J. DONNELLY.

[See 80 Mich. 130.]

*Contract—Installment of interest—Decree—Merger.*

The obligation of the defendant to pay interest accruing to the plaintiff under the agreement set forth in *Near v. Donnelly,* 80 Mich. 132, after the making of the decree therein, was not merged in the decree, the case not being different from one where a recovery is had upon one installment of a note, or for an installment of rent due on a lease; citing *Jacobson v. Miller,* 41 Mich. 90.

Error to Ingham. (Person, J.) Submitted on briefs October 13, 1892. Decided November 18, 1892.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion, and in 80 Mich. 130.

*Q. A. Smith,* for appellant.

*Parkinson & Day (Cahill & Ostrander,* of counsel), for plaintiff.

MONTGOMERY, J. The plaintiff and several other residents of Mason paid into the defendant's hands sums of money aggregating $2,500 for the purpose of aiding in the building of an hotel, under an agreement fully set out in *Near v. Donnelly,* 80 Mich. 132. The plaintiff's subscription amounted to $500. The defendant, in consideration of this subscription, agreed to build the hotel, and on its completion to furnish and keep the same as an hotel, and to pay to each of the subscribers 7 per cent. per annum upon the amount invested by each as long as they should continue to own the same.

This action was brought to recover an installment of

interest accruing from August 22, 1890, to April 1, 1891. It appears that the defendant has occupied the hotel, and the obligation to pay 7 per cent. on this contribution is within the express terms of the agreement. But a single question is presented, and this is whether the obligation of this agreement has been merged in the decree rendered in the former case.

The plaintiff, who held assignments from the other contributors, filed a bill asking to have the amount of such subscriptions declared a lien upon the hotel property. This relief was ultimately denied him, but he was given a decree declaring the installments of interest then due a lien on the undivided five-eighteenths part of the hotel property, and also declaring that this sum was due and owing to him from the defendant. It does not appear, however, that any sale has been made under the decree; on the contrary, defendant has been permitted to occupy the hotel, and has refused to pay the installments of 7 per cent. subsequently accruing as per agreement.

There was no such merger by the decree as prevents the plaintiff from maintaining this action. It is true that he has a decree for certain installments of interest accrued under the agreement prior to August 22, 1890, but the case is not different from one where a recovery is had upon one installment of a note, or for an installment of rent due on a lease. In neither case is there such a merger worked as prevents a recovery for installments subsequently falling due. *Jacobson v. Miller,* 41 Mich. 90.

Judgment will be affirmed, with costs.

The other Justices concurred.