## MURRAY *v.* NEAR.

JOINT STOCK ASSOCIATION—WINDING UP—EQUITY JURISDICTION—CONSTRUCTION OF CONTRACT.
> Several persons entered into a contract with D. by which they agreed to contribute certain sums "as and for stock" in an hotel .building to be erected by him, and to "take in pay" a corresponding interest in the property. D. was to have the

use of the building so long as he should conduct an hotel therein, by paying interest to the others upon the amounts of their several subscriptions. D. constructed the building, and used it for hotel purposes for several years, paying interest as provided by the contract, but no stock was ever issued. Upon discontinuing the business as unprofitable, D. filed a bill to determine the interests of the respective parties, and to wind up the affairs of the concern. *Held,* that equity had jurisdiction; that the relation of debtor and creditor existed between the parties only as to the interest which D. was to pay while running the hotel; and that a decree was properly entered for a sale of the property, and a division of the proceeds among all of the parties in proportion to the amount furnished by each.

Appeal from Ingham; Person, J. Submitted June 5, 1895. Decided July 2, 1895.

Bill by Henry J. Donnelly against William F. Near and others to determine the respective rights of the parties in an hotel built by them, and to wind up the affairs of the concern. Complainant died pending the suit, and it was revived in the name of his administrator, Michael J. Murray. From a decree in favor of complainant, defendant Near appeals. Affirmed.

*Q. A. Smith* and *Jay P. Lee,* for complainant.

*Arthur D. Prosser,* for appellant.

Grant, J. The rights of the parties to the contract involved were substantially settled in *Near* v. *Donnelly,* 80 Mich. 130. Pursuant to that decision the case was remanded, and referred to a commissioner, who reported to the court; and upon the coming in of the report the court decreed that Near was entitled to, and had an equitable lien upon, an undivided 5-18 of the property, and that the interest then due was $870.52. This Donnelly subsequently paid. The hotel business having become unprofitable, Mr. Donnelly discontinued the business, and filed the bill in this cause to determine the rights and interests of the respective parties, for the

appointment of a receiver, and for the winding up of the affairs of the concern. Mr. Donnelly died during the pendency of the suit, and it was revived in the name of his administrator. The court entered a decree that Mr. Near owned 50-180, and Mr. Teal 3-180, and complainant 127-180, of the property; that there was due to Near $82.99 for interest upon the closing of the hotel. The property was ordered sold, and the proceeds divided among the parties, giving to Mr. Near the accrued interest.

Defendant insists that the relation existing between Donnelly and the subscribers was that of debtor and creditor. It was decided in the former case that that relation did not exist, but that each subscriber was entitled to an interest in the hotel property according to the amount of his subscription. The relation of debtor and creditor existed only as to the interest which Donnelly agreed to pay while he was running the hotel. Payment of this interest was enforceable in an action at law. *Near v. Donnelly*, 93 Mich. 460. We think equity had jurisdiction to determine the rights and interests of the parties to this contract, and that the decree for a sale of the property and division of the proceeds was right.

Decree affirmed, with costs.

The other Justices concurred.