### RAYMOND *v.* WHITE.

JUDGMENTS—BAR—ACTION FOR INSTALLMENTS.

> A judgment for an installment due under a contract whereby defendant agreed to pay plaintiff a specified sum weekly so long as devices invented by plaintiff were used by defendant in his manufactures, in consideration of which plaintiff was to assign patents already obtained and to devote his time to the invention of improvements, is not a bar to an action for installments becoming due after the entry of the judgment; the contract not being a mere contract of service. *Continental Ins. Co.* v. *Lumber Co.*, 93 Mich. 139, distinguished.

Error to superior court of Grand Rapids; Burlingame, J.   Submitted February 8, 1899.   Decided May 9, 1899.

*Assumpsit* by Silas H. Raymond against T. Stewart White and Thomas Friant to recover an amount due under a contract for the manufacture of a patented article. From a judgment for plaintiff, defendants bring error. Affirmed.

*Bundy & Travis* ( *Charles Chandler*, of counsel ), for appellants.

*McGarry & Belden*, for appellee.

GRANT, C. J.   The contract on which this suit is based is sufficiently stated in 119 Mich. 438.   This suit is for a second installment of the weekly stipend agreed upon by

that contract. The defense is the same as in that case, and the further defense was interposed that the prior suit is a bar to this. It was there held that this was not a mere contract of service. The case is not, therefore, within the rule stated in *Continental Ins. Co.* v. *Lumber Co.*, 93 Mich. 139 (32 Am. St. Rep. 494), and authorities there cited. The contract provides for the payment of $20 weekly until it is terminated in the manner therein provided. Defendants cannot disregard one part of the contract, and have the benefit of the other.

Judgment affirmed.

The other Justices concurred.