### BREAKWATER CO. v. DONOVAN.

(Circuit Court of Appeals, Sixth Circuit. December 8, 1914.)

No. 2495.

1. CORPORATIONS (§ 518*)—ACTIONS—DEFENSES—ULTRA VIRES—PLEADING.

In an action against a corporation for breach of an employment contract, a defense of ultra vires, not pleaded, was unavailable.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2028, 2086, 2087; Dec. Dig. § 518.*]

2. PLEADING (§ 236*)—ANSWER—AMENDMENT—DEFENSES—DISCRETION.

Where an employé, having recovered judgment against defendant corporation for installments due under his contract, assigned his further rights thereunder to plaintiff, who brought a subsequent suit for breach of the contract, it was a proper exercise of the court's discretion for it to refuse an application by defendant, made at the conclusion of all of the testimony, for leave to amend its answer, to present the defense of ultra vires.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 601, 605; Dec. Dig. § 236.*]

3. JUDGMENT (§ 603*)—RECOVERY IN FORMER ACTION—CONCLUSIVENESS.

Where plaintiff's assignor brought a former action on a compromise settlement and employment contract specially limited to a recovery of the settlement installments and salary then due, a judgment in his favor was no bar to a subsequent suit by his assignee to recover further installments when matured.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1118; Dec. Dig. § 603.*]

4. TRIAL (§ 177*)—VERDICT—MOTION TO DIRECT—RIGHT TO SUBMIT ISSUES TO JURY.

Where, after defendant's motion for a directed verdict was denied, plaintiff moved for a directed verdict, whereupon defendant insisted on the submission of issues of fact to the jury, there was no consent thereby to a submission of all the issues to the court.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 400; Dec. Dig. § 177.*]

5. APPEAL AND ERROR (§ 1061*)—REVIEW—PREJUDICE.

Error in treating motions by both parties to direct a verdict as a submission of issues of both law and fact to the court, and the direction of a verdict for plaintiff, was not prejudicial to defendant, where its only meritorious defense was not proved.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4137, 4209–4211; Dec. Dig. § 1061.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6. MASTER AND SERVANT (§ 43*)—CONTRACT OF EMPLOYMENT—BREACH—OUT-SIDE EMPLOYMENT—QUESTION FOR JURY.

Where, after breach of a contract of employment, the employé during the term earned $800 in other employment, but claimed that his contract did not contemplate giving his full time to defendant, whether the nature of his outside work was such as to be inconsistent with his obligation to defendant under the contract, if it had continued, was for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 57, 58; Dec. Dig. § 43.*]

7. APPEAL AND ERROR (§ 1140*)—CURING ERRORS—REMITTITUR.

Where, in an action for breach of an employment contract, it appeared that the employé earned $800 from other employment within the term, and the court erred in not submitting the question whether the services rendered were not inconsistent with his obligation under the contract to the jury, such error could be cured by a remission of that sum from the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4462–4476; Dec. Dig. § 1140.*]

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; William L. Day, Judge.

Action by Leona T. Donovan against the Breakwater Company. Judgment for plaintiff, and defendant brings error. Affirmed on condition.

J. H. Price, of Cleveland, Ohio, and Province Pogue, of Cincinnati, Ohio, for plaintiff in error.

J. E. Morley, of Cleveland, Ohio, for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

DENISON, Circuit Judge. This was an action at law, in which, in the court below, Mrs. Donovan, as assignee of her husband, John F. Donovan, was plaintiff, and the Breakwater Company was defendant. The suit was based upon a written contract made October 3, 1908, by which the company agreed to pay Donovan, in installments, about $5,900 in compromise settlement of all existing controversies, and also agreed to employ him at a monthly salary until December 31, 1910. In December, 1909, Donovan commenced suit and later recovered judgment in Pennsylvania against the company for the unpaid installments of the compromise settlement and of salary that were then due. In March, 1910, he was discharged from further employment, and the company, claiming sufficient justification, repudiated the contract. He waited until its term expired, brought this suit for the remaining installments of salary, and by direction of the court below recovered judgment. The company's assignments of error cover several distinct causes for reversal. So far as thought meriting discussion, these claims are: (1) The contract was ultra vires the corporation. (2) The former recovery in Pennsylvania exhausted the right of action. (3) Issues of fact should have been left to the jury. (4) Defendant was entitled to a credit of $800 earned by plaintiff in other employment.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1, 2] 1. Ultra Vires. The corporation was formed simultaneously with the making of this contract, and Donovan had no existing claim against it; but it seems not to be questioned that he was making claims against older corporations, all the assets of which were being taken over by this company in a reorganization, and that the prosecution of his claims would at least have embarrassed and complicated defendant's affairs. In that view, it would be clear that the transaction was not merely the assuming of a debt which the defendant did not owe, but it was a settlement and adjustment which defendant had power to make.

Another reason for claiming a lack of power is that the contract provided for Donovan's election as second vice president of the company, and for his holding that position during the term of the contract. Thereupon it is said that the public policy of Ohio, the state where the corporation was organized, would not permit the term of an officer to be fixed for more than one year. Whatever force this contention might have regarding an officer whose powers of management were fixed by statute, it can hardly apply in this instance, where the "office" was created only by a resolution passed by the stockholders, and where its powers and duties were only such as might be, from time to time, prescribed by the board of directors. Indeed, this honorary title given to Donovan seems to be only a convenient name by which his employment was to be called; but, whatever ultimate view might be taken of this particular stated supporting ground for the defense of ultra vires, it, as well as the one just previously stated, are completely met by the fact that the answer presented no such defense, but relied upon the effect of the Pennsylvania judgment as a sufficient bar. This judgment necessarily implied the validity of the contract; and accordingly, when at the conclusion of all the testimony the defendant first asked leave to amend its answer by presenting these defenses of ultra vires, it was at least well within the discretion of the court to do as it did, and to refuse to permit the amendment.

[3] 2. The Former Recovery. It is not to be doubted that, if a contract provides for the doing of a unitary thing upon each side, there can be only one action for its breach, nor that, even in case of continuing or recurrent mutual obligations, like a contract for employment with monthly salary payments, if either party repudiates the contract, the other party may bring suit at once and may—and, in some jurisdictions, must—in an anticipatory way claim and recover the entire damages resulting from nonperformance during the remainder of the term. In such case, also, one recovery would be a bar to a future action. This is the principle upon which defendant relies; but it is quite inapplicable to this contract and to these circumstances. It is not important whether the agreement be considered, as plaintiff claims, to be two separate contracts, one for compromise of an old dispute and one for future employment and compensation, or, as defendant claims, to be one contract in which part of the single agreed payment was to be spread over future dates under color of a theoretical employment. In either view, the payments were to be in stipulated installments. Of these, when the Pennsylvania suit was commenced, part were due and part were not due, and the claim in that suit

was carefully confined to those agreed payments which were past due. No allegation or suggestion was there made that defendant had repudiated the contract; but it was apparently treated as still continuing in 'force, and plaintiff offered to continue to perform. Under the pleadings, nothing could have been awarded for anticipatory damages. Even if the effect of that record might be varied by showing that the defendant in fact, before that suit, repudiated the contract and was no longer recognizing it as a continuing obligation, no such showing is here made. The Pennsylvania action must be treated as one merely for the recovery of those installments which had become due on a continuing contract; and as such it clearly was no bar to the bringing of the suits for further installments when matured. Carter-Crume v. Peurrung (C. C. A. 6) 99 Fed. 888, 890, 40 C. C. A. 150.

[4] 3. The Instructed Verdict. The seemingly incomplete and perhaps confused stenographer's record makes it appear that at the close of the trial defendant moved for an instructed verdict, which motion was denied. Thereupon plaintiff moved for a directed verdict. Defendant then insisted that there were issues of fact, and asked that they be submitted; but the court, upon the ground that both parties had requested the court to direct a verdict and had thereby made submission to the jury uncalled for, proceeded to direct a verdict for plaintiff. This action was not within the authority of Beuttell v. Magone, 157 U. S. 154, 15 Sup. Ct. 566, 39 L. Ed. 654, and Love v. Scatcherd (C. C. A. 6) 146 Fed. 1, 6, 77 C. C. A. 1; but was rather governed by the rule of Empire Co. v. Atchison Co., 210 U. S. 1, 8, 28 Sup. Ct. 607, 52 L. Ed. 931, 15 Ann. Cas. 70, and of our own decisions in Minahan v. Grand Trunk Co., 138 Fed. 37, 42, 70 C. C. A. 463, Bank v. Maines, 183 Fed. 37, 41, 105 C. C. A. 329, and Chesapeake Co. v. McKell, 209 Fed. 514, 516, 126 C. C. A. 336. It was, accordingly, erroneous to treat the matter as if both parties were agreeing that there was no issue of fact for the jury.

[5] However, this would not be prejudicial error, if the instruction was right upon other grounds. The only meritorious defense pleaded was that Donovan had not ceased the harassing prosecution of his old claims and that he had not been loyal to the company's interests. We have examined the entire record, including depositions excluded by the trial judge, and we find nothing tending to support this defense, or which would justify a jury in finding a breach of his contract by Donovan. Such testimony as is urged to that end is either obviously incompetent, or relates to a period before the making of the contract, or is too vague and shadowy to be considered substantial evidence. Under familiar principles, the judgment cannot be reversed merely because the court proceeded upon an erroneous theory to reach a right result.

[6] 4. The $800 Credit. After defendant had repudiated the contract, but within its term, Donovan accepted other employment and earned $800. He claims, and the court below ruled, that he need not give credit for this, because the contract in suit only called for such services as might be required, not contemplating his full time, so that he would have been at liberty to take this outside employment, even while the contract was in force. We think it was a question of fact for

the jury whether the nature of this outside work was such as to be inconsistent with his obligation under the contract, if it had continued; and so it was erroneous wholly to disregard this claim of credit in directing a verdict for the full amount of the unpaid salary.

[7] Upon the argument, counsel for Donovan offered to abate $800 of the judgment, if the court thought there had been error in this respect. We approve the curing of error in such manner, whenever it can be definitely known how much of the verdict is affected thereby (R. R. v. Niebel [C. C. A. 6] 214 Fed. 952, 131 C. C. A. 248, and cases cited on page 957); and this is an appropriate case for such abatement.

If the plaintiff, within 30 days from the filing of this opinion, files in the court below its written election to reduce the judgment by the sum of $800, with the properly attendant interest, and files in this court a certified copy of such remittitur, the judgment, as so modified, will be affirmed; otherwise, it will be reversed, and the case remanded for a new trial. In either case, the plaintiff in error, the company, will recover the costs of this court.