## LA CROSSE PLOW CO. v. PAGENSTECHER.

(Circuit Court of Appeals, Eighth Circuit. April 11, 1918. Rehearing Denied July 8, 1918.)

### No. 4797.

1. APPEAL AND ERROR ☞866(3)—REVIEW—QUESTIONS PRESENTED.
    Where the court directed a verdict for plaintiff, and defendant's motion for directed verdict was unaccompanied by any other request, and neither party requested that any fact in issue be submitted to the jury, the only question for review by the appellate court is whether there is any evidence to support the verdict.

2. TRIAL ☞177—DIRECTION OF VERDICT—ARGUMENT.
    Where each party moved for a directed verdict in its favor, the court had power to direct a verdict, notwithstanding the case had been partially argued to the jury.

3. APPEAL AND ERROR ☞883—DIRECTION OF VERDICT—PROPRIETY.
    Where defendant requested a directed verdict at the close of plaintiff's evidence, and again at the close of all of the evidence, it cannot be heard to say that the case ought to have gone to the jury; plaintiff's motion for directed verdict having been granted.

4. PRINCIPAL AND AGENT ☞89(8)—COMMISSIONS—SALES AGENT.
    In an action for commissions claimed as a sales agent, evidence *held* to warrant a finding that the plaintiff did not agree to wait for commissions until purchase-money notes received by defendants should be paid.

    Stone, Circuit Judge, dissenting.

In Error to the District Court of the United States for the District of Nebraska; Thomas C. Munger, Judge.

Action by Louis Pagenstecher against the La Crosse Plow Company, a corporation. There was a judgment for plaintiff, and defendant brings error. Affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Charles H. Schweizer, of La Crosse, Wis. (M. A. Hall, of Omaha, Neb., on the brief), for plaintiff in error.

David A. Fitch, of Omaha, Neb. (Raymond T. Coffey and Gurley & Fitch, both of Omaha, Neb., on the brief), for defendant in error.

Before CARLAND and STONE, Circuit Judges, and RINER, District Judge.

CARLAND, Circuit Judge. Defendant in error, plaintiff below, sued the Plow Company to recover commissions claimed to be due him under a written contract as sales agent. The commissions sued for were claimed on sales made to one Howard. They consisted of two items. The first item, of $6,621.09, was for sales for which notes were given by Howard. The second item, of $2,105, was for implements sold to Howard, but taken back by the Plow Company. The contract provided that one-half of the commission should be payable "on receipt of and acceptance of order, balance when accounts are paid or settled by note." The sales were made prior to November, 1912, under a contract dated November 9, 1910, and extended until November, 1912. That the first item and one-half of the second had been earned and were due by November, 1912, is not disputed. The whole contention at the trial was over the question as to whether the plaintiff had agreed to waive the payment of the commissions until the Plow Company had received payment from Howard, there being no evidence that such payment had been received by the Plow Company.

At the close of all the evidence, counsel for both parties moved the court for a directed verdict. The court denied the motion of counsel for the Plow Company, and directed a verdict in favor of plaintiff for the sum of the first item and one-half of the second, with interest, less $876.95, the amount of a counterclaim pleaded by the Plow Company, which was undisputed. The Plow Company has removed the case here assigning the following errors: (a) The refusal to direct a verdict in its favor; (b) the granting of the motion of the plaintiff for a directed verdict; (c) the allowance by the court of interest on plaintiff's demands thereof from December 12, 1912.

[1] The motion for a directed verdict on the part of counsel for the Plow Company was unaccompanied by any other request, and neither party requested that any fact in issue be submitted to the jury. In this condition of the record the only question now open is as to whether there is any evidence to support the verdict. Beuttell v. Magone, 157 U. S. 154, 15 Sup. Ct. 566, 39 L. Ed. 654; Empire State Cattle Co. et al., v. Atchison, Topeka & S. F. Ry. Co., 147 Fed. 457, 77 C. C. A. 601; Id., 210 U. S. 1, 28 Sup. Ct. 607, 52 L. Ed. 931, 15 Ann. Cas. 70; Minahan v. Grand Trunk Western R. Co., 138 Fed. 37, 70 C. C. A. 463; Melton et al. v. Pensacola Bank & Trust Co., 190 Fed. 126, 111 C. C. A. 166; Farmers' & Merchants' Bank v. Maines, 183 Fed. 37, 105 C. C. A. 329; American National Bank v. Miller, 185 Fed. 338, 107 C. C. A. 456; United States v. Two Baskets, 205 Fed. 37, 123 C. C. A. 310; In re Iron Clad Manufacturing Co., 197 Fed. 280, 116 C. C. A. 642; Southern Pac. R. Co. v. United States, 222 Fed. 46, 137 C. C. A. 584; Breakwater Co. v. Donovan, 218 Fed. 340, 134 C. C. A. 148;

Allegheny Valley Brick Co. v. C. W. Raymond Co., 219 Fed. 477, 135 C. C. A. 189; Anderson v. Messinger, 158 Fed. 251, 85 C. C. A. 468; Western Express Co. v. United States, 141 Fed. 28, 72 C. C. A. 516.

[2, 3] The fact that the case had been partially argued to the jury when the court directed the verdict for the plaintiff does not alter the legal relations of the parties to the record. The power to direct a verdict existed at the time the direction was made. Counsel for the Plow Company, having requested the court to direct a verdict at the close of the plaintiff's evidence and again at the close of all the evidence, cannot be heard to say that the case ought to have gone to the jury. That the plaintiff was entitled under the contract to what the court gave him is undisputed, unless the evidence introduced by the Plow Company, tending to show that the plaintiff had agreed to wait for the amount due him until the Plow Company had received payment for the implements sold, was so clear and undisputed that no verdict in opposition thereto would be allowed to stand.

[4] We proceed, then, to consider whether the evidence upon the subject mentioned was undisputed. In this connection we quote the following from the brief of counsel for the Plow Company:

"The principal issue of fact relied upon by plaintiff in error, and resting in part upon oral testimony which was disputed by the defendant in error, was whether the latter had made an agreement in respect to the Howard commissions to the effect that he would wait for the payment of the same until the Howard notes were paid."

We agree with counsel for the Plow Company that there was a disputed question of fact, and a careful consideration of the evidence convinces that there was evidence to sustain the verdict. We do not think the court erred in regard to the question of interest. The debt on which the interest was allowed was the debt which both parties agreed had been earned December 12, 1912.

The judgment below is therefore affirmed.

STONE, Circuit Judge (dissenting). I am compelled to dissent from the conclusion reached by the majority of the court. To my mind the evidence is conclusive that defendant in error waived the present payment of the sums in suit.