## NATIONAL CAN CO. v. FELLOWS et al.

(Circuit Court of Appeals, Sixth Circuit. June 5, 1923.)

No. 3745.

1. **Appeal and error ⊜▷1213—Former reversal held to render directed verdict for plaintiff proper.**

   Where a reversal of a judgment for defendant necessarily implied that there was no substantial evidence tending to support either of the defenses relied on by defendant, and the testimony on the second trial was not substantially different, the trial court at the second trial properly directed a verdict for plaintiff.

2. **Usury ⊜▷61—Contract for illegal penalty does not forfeit legal interest.**

   A provision in a contract for royalties that, if the amount due for any month was not paid at the time specified, it should be increased 10 per cent. each month until paid, was in the nature of a penalty, and not for interest, since it exacts a payment which the promisor may wholly avoid by keeping his contract, and, though it is invalid as a penalty, it does not require the forfeiture of all legal interest on past-due payments under a state statute forfeiting all interest under a contract for usurious interest.

In Error to the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Action at law by Olin B. Fellows and another as executors of the estate of Olin S. Fellows, against the National Can Company. Judgment for plaintiffs on directed verdict, and defendant brings error. Affirmed.

See, also, 276 Fed. 309.

⊜▷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

N. Calvin Bigelow, of Detroit, Mich., for plaintiff in error.

Samuel J. Nordorf, of Chicago, Ill. (Wm. R. Moss, of Chicago, Ill., on the brief), for defendants in error.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM. This case is here the second time. The first review was reported in 257 Fed. 970, 169 C. C. A. 120, where the facts are stated. The testimony upon the second trial was not substantially different from that on the first; but, in supposed pursuance to our opinion, the court directed a verdict for the plaintiff, computing interest at 5 per cent., the legal rate in Michigan, from the time when the royalty installments became payable.

[1] The verdict was properly directed for plaintiff. The two propositions which defendant sought to submit to the jury were that plaintiff was guilty of fraud or was estopped. These were the defenses on the first trial, in which the court, trying the facts, found in favor of these defenses. Our reversal necessarily implied that there was no substantial evidence tending to support either of them.

[2] The contract provision was that the royalty for each month should be computed and paid on or before the 10th of the next month, and that, if not paid at the time specified, "then the amount due as rent or royalty shall be increased 10 per cent. each month until paid." Upon the former hearing we held that, treating this provision as interest, it was usurious, and, treating it as a penalty, it was void. Defendant now says it was a contract for usurious interest, and therefore the Michigan statute forfeited all interest. Where a contract does not call for compensation for the use of money, but only exacts a payment, which the promisor may wholly avoid by keeping his contract, such stipulated payment is not interest, but is in the nature of a penalty, valid if within the proper limits of liquidated damages, or invalid if a mere penalty. See Lloyd v. Scott, 4 Pet. 205, 226, 7 L. Ed. 833; Cutler v. How, 8 Mass. 257; Downey v. Beach, 78 Ill. 53; 27 R. C. L. art. "Usury," § 33. The Michigan cases cited by the plaintiff in error are not inconsistent with this rule. Of course, if it is not interest, it is not usurious.

We find no error in the computation clear enough to require modification, if, indeed, there is any error.

The judgment is affirmed.