KAPLAN v. GOLDMAN.

1. JUDGMENT—RES JUDICATA.
    Where defendant, in purchasing an automobile accessories
        business, agreed to assume a certain account owing by
        plaintiff, which it was understood was represented by
        two trade acceptances given by him, falling due on dif-
        ferent dates, an action in justice's court for the amount
        represented by the first acceptance, counting on defend-
        ant's breach of the contract by failing to pay the account,

did not render available the defense of *res adjudicata*, in an action for the amount of the second acceptance, which was not due when the first action was brought, since plaintiff had a right to assume that defendant would pay his honest debts.

2. SAME—BREACH OF CONTRACT—SPLITTING CAUSE OF ACTION.

Nor may it be said, under the circumstances, that plaintiff split his cause of action since he could include in his first action only such ·claims as had then accrued, and had defendant paid the second acceptance when it became due, there would have been no second breach of the contract.

3. SAME—BREACH OF CONTRACT—DEFENSES.

Defendant's failure to pay the second acceptance when it became due amounted to· a breach of the contract and rendered him liable, and the fact that plaintiff had not yet paid the judgment against him in an action thereon would be no defense.

Error to Wayne; Goff (John H.), J.    Submitted October 16, 1923.    (Docket No. 2.)    Decided December 19, 1923.

Assumpsit in justice's court by Barney Kaplan against Isack Goldman for the amount of a trade acceptance.    There was judgment for defendant, and plaintiff appealed to the circuit court by writ of certiorari.    Judgment for defendant.    Plaintiff brings error.    Reversed.

*Grosner & Burak,* for appellant.

*Moscowitz & Goldstick,* for appellee.

BIRD, J.    Plaintiff sold his stock of automobile accessories to defendant on a written agreement which contained the following stipulation:

"Second party (defendant) assumes and agrees to pay Pennsylvania Tire Company's account not to exceed $1,000."

At the time of the sale plaintiff appears to have been indebted to the Pennsylvania Tire Company for

merchandise, in the sum of nine hundred and six ($906) dollars, for which two trade acceptances had been given by him. When the trade acceptances became due they were not paid by defendant in accordance with the agreement. In consequence of this the Pennsylvania Company brought suit against plaintiff on one of the acceptances on May 19th and secured a judgment on June 29, 1921, for $452.46, damages, and $6.75 costs. Later, and on June 28th, the Pennsylvania Company commenced suit on the other acceptance, and on July 29th obtained a second judgment for $457.75, damages, and $1.75 costs. On June 29th, the same day judgment was rendered against plaintiff, he commenced a suit against defendant and recovered a judgment on August 1st for the amount of the first judgment against himself. Defendant subsequently paid this judgment.

On August 19, 1921, plaintiff commenced a second suit (which is the present one) against defendant to recover the amount of the second judgment rendered against himself. He declared in assumpsit on the common counts, specially on a breach of contract, and filed a bill of particulars. Defendant gave notice of the defense of *res adjudicata*. After a hearing judgment was rendered for the defendant, whereupon plaintiff obtained a writ of certiorari from the circuit court to review the same.

It appears to have been the opinion of the circuit court that because plaintiff counted upon a breach of his contract with defendant for his failure to pay the *account* and then made proof of his failure to pay the *acceptances*, his proofs were at variance with the pleadings and, therefore, it dismissed the writ and affirmed the judgment. The proceedings are now in this court for review by writ of error. We are of the opinion that this conclusion is too technical to apply to proceedings in justice's court. There was

no dispute about the contract nor as to the obligation it raised upon the part of defendant.    There was no claim by defendant that he had paid the acceptance or that he did not owe the amount claimed.    Defendant's counsel state that two trade acceptances were given the Pennsylvania Company for the account, and there is no claim made that defendant did not understand that the account was represented by these two trade acceptances.    The terms "account" and "trade acceptances" were used to express the same obligation and recovery could be had for either in an action of assumpsit.

Counsel argue that plaintiff split his cause of action and sought to recover in two suits what he should have recovered in one.    As a part of the consideration for the stock of goods defendant promised to pay the account if it did not exceed one thousand dollars.    The record does not state when the acceptances became due, but presumably they became due on different dates, as the suits were begun on different dates. When the first acceptance was due suit was commenced thereon by the Pennsylvania Company and judgment taken against plaintiff on June 29th.    It will be noted that on the day plaintiff's suit against defendant was begun no judgment had yet been rendered against him in the second suit.    For all plaintiff knew defendant might pay the other acceptance, and if he did there would be no second breach of the contract.    It would not have been a violent assumption upon plaintiff's part to assume that defendant would pay his honest debts.    But in any event plaintiff was under no obligation to inject the second judgment against him into his first suit against defendant by amendment, which he would have had to do had the matter been passed on in that suit.    1 C. J. p. 1112.    Plaintiff was obliged to include in his first suit against defendant only such claims as had then accrued.    *Kruce* v. *Lakeside Biscuit Co.,* 198 Mich. 736.    After judgment

was taken against the plaintiff in the second suit he then had a claim for defendant's second breach of the contract, and he should have been permitted in justice's court to take judgment against defendant for the amount of the second judgment against him.

As a further defense defendant insists that plaintiff was not entitled to take judgment against him in the second suit because at that time he had not paid the second judgment which was rendered against him. We do not regard this as very important. Judgment had been rendered against plaintiff for the amount of the second acceptance and this amounted clearly to a breach on defendant's part of his contract that he would pay this account. Whether plaintiff ever paid the judgment was of no importance to defendant because he had clearly breached his contract in refusing to pay the account.

The judgment of the circuit court will be reversed with a direction to that court to reverse the judgment rendered in justice's court. Plaintiff will recover his costs in this court, the circuit court, and in justice's court.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.