## FELLOWS v. NATIONAL CAN CO.

(District Court, E. D. Michigan, S. D. May 24, 1926.)

No. 5986.

1. **Action** ⊜⟿53(1)—**Rule against splitting causes applies when rights of action, on which recovery may be had in one action are divided and made basis of several actions.**

The rule against splitting of causes of action applies only when one or more rights of action, on which recovery may be had in one action, are divided and made the basis of several actions.

2. **Action** ⊜⟿53(3)—**Bringing of two actions on a claim which is severable, and one part of which is recoverable in the first action and the other not, is not open to the objection of splitting causes.**

If at the time of commencement of an action to recover on a severable part of a claim then capable of recovery in such action, other severable parts of the claim are not so recoverable, such other separate and severable rights of action may be made the subject-matter of separate actions, without offending against the rule prohibiting splitting causes of action.

3. **Judgment** ⊜⟿596—**Rule against splitting causes of action held not violated by action on contract as sealed instrument for rental, not recoverable in prior action on simple contract because of limitations.**

Where in an action to recover rentals for several years, as on a simple contract, though it was in fact under seal, it was held that each year's rental constituted a separate cause of action, and that as to the earlier years recovery was barred by limitations, a second action to recover the rental for such years, which, counting on the sealed contract was not barred, *held* not subject to the objection that the cause of action was split.

At Law. Action by Olin S. Fellows against the National Can Company. On motion by defendant for directed verdict. Denied.

William R. Moss, of Chicago, Ill., for plaintiff.

Barthel, Flanders & Barthel and N. Calvin Bigelow, all of Detroit, Mich., for defendant.

TUTTLE, District Judge. This action is now before the court on a motion by defendant to direct a verdict in its favor of no cause of action. The material facts and questions involved in the controversy out of which this and a companion action arose are shown in the opinions of this court and of the Circuit Court of Appeals of this Circuit, as reported in 257 F. 970, 169 C. C. A. 120, 276 F. 309, and 290 F. 201. There is no occasion to repeat or review these facts or questions here, further than is necessary to indicate the sole question which is now presented and which has not already been disposed of. This question is whether the plaintiff has split whatever cause of action he originally had against the defendant, so that he cannot maintain the present action.

The material facts are not in dispute and were fully set forth in the previous opinions just referred to. For present purposes it is sufficient to state the following facts: The plaintiff and the defendant entered into a contract under seal for the lease by plaintiff to defendant of certain machinery for an annual rental. After the rental for seven consecutive years had become due and unpaid, plaintiff commenced an action of assumpsit against the defendant for the recovery of all of such unpaid amounts, as due under a simple contract. The Michigan statute of limitations applicable to an action to recover on a simple contract is six years. When the action was commenced, the annual rental for the first three of said seven years, if considered separately from the other years, had become barred by said statute, although, if the rental for the entire period were treated as constituting one inseverable cause of action, such cause of action had not been outlawed by such statute. After the defendant had pleaded the said statute of limitations, and before the trial of the action just mentioned, plaintiff commenced another (the present) action against defend-

ant based upon the same contract but differing from the first action in that the second one counted upon the contract specially as a contract under seal instead of as a simple contract. The Michigan statute of limitations then applicable to a contract under seal was ten years, so that when this second action was commenced none of the annual rental installments, even if treated as separate demands, were barred by the ten-year limitation statute. It is undisputed that the purpose of the plaintiff in instituting this present action was to avoid the six-year statute in the event that the court should hold that the right to recover each yearly rental was a separate and distinct cause of action, which started the running of the statute against it immediately at the end of such year. Subsequently, the Circuit Court of Appeals did so hold, in reviewing the judgment of this court on the trial of said first action and allowed, and limited, plaintiff, in such action, to recovery for only the last four of the seven years referred to. Plaintiff thereupon brought this second action to trial and, abandoning all claims to the amounts already recovered in the first action, seeks to recover the three annual installments barred by the statute of limitations governing the first action but not by the ten-year statute governing the present action, which is now before this court on the motion by defendant first above mentioned.

[1, 2] As previously noted, defendant contends that by instituting these two actions plaintiff has split his cause of action so that he is now prevented from any recovery in the present action. I cannot agree with this contention. The rule against the splitting of causes of action applies only where one or more rights of action on which recovery can be had in one action are divided and made the bases of several actions. If at the time of the commencement of one of such actions, to recover on a severable part of a claim, then capable of recovery in such action, other severable parts of such claim are not then so recoverable (either because not yet due or because otherwise incapable of recovery in that particular action) such other separate and severable rights of action (even though arising from the same general claim) may be made the subject-matter of other separate actions without offending against the rule prohibiting the splitting of causes of action. Stark v. Starr, 94 U. S. 477, 24 L. Ed. 276; Canada-Atlantic & Plant Steamship Co., Ltd., v. Flanders, 165 F. 321, 91 C. C. A. 307 (C. C. A. 1); Breakwater Co. v. Donovan, 218 F. 340, 134 C. C. A. 148 (C. C. A. 6); Stickel v. Steel, 41 Mich. 350, 1 N. W. 1046; Raymond v. White, 120 Mich. 165, 78 N. W. 1071; Reid, Murdoch & Co. v. Parks, 122 Mich. 363, 81 N. W. 252; Stringer v. Gamble, 155 Mich. 295, 118 N. W. 979, 30 L. R. A. (N. S.) 815; Kaplan v. Goldman, 225 Mich. 378, 196 N. W. 338; Taub v. McClelland-Colt Commission Co., 10 Colo. App. 190, 51 P. 168; 34 Corpus Juris, 828, 840.

[3] Applying these principles to the present action, at the time when plaintiff commenced the first action the annual rental for the first three years under the contract could not be recovered in that action, although this was unknown to him until the final decision of the court. His reference, therefore, to these years in his declaration in said action must be treated, in contemplation of law, as mere surplusage and ignored as such, as fully as if it had already been judicially determined, before the commencement of that action, that recovery therein for such years was barred by the statute of limitations, or as if those installments had not then become due or payable. Surely in the latter event the legal situation would have been clear, as the mere attempt to collect an amount which has not become due cannot affect the right to recover such amount after it has become due. In principle, the two situations are the same and in neither case can the bringing of two actions under such circumstances be properly referred to as the splitting of a cause of action.

It is equally clear, and does not appear to be disputed, that the right to recover here for the years for which recovery was prevented in the previous action cannot be affected by the fact that recovery here cannot be had (and is not sought) for the years for which recovery was allowed in such previous action, as the inability to recover for such last-mentioned years is due solely to the previous recovery therefor and obviously no question as to splitting of demands is involved in this connection.

For the reasons pointed out, the motion of the defendant must be denied. As I understand the present record and situation, plaintiff is entitled to a directed verdict and judgment thereon. If the parties are unable to agree on the form and amount thereof, either party may present, upon due notice to the other party, a motion for the entry of the desired verdict and judgment, including such special findings of fact or of law as may be requested.