## SOUTH SIOUX CITY et al. v. HANCHETT BOND CO.

Circuit Court of Appeals, Eighth Circuit.

May 3, 1927.

No. 7568.

1. **Appeal and error ⊘931(3)—Where action on municipal bonds was tried without jury or request for declarations of law, judgment for plaintiff necessarily involved finding of facts in favor of validity of bonds.**

Where bondholder's action against city was tried without jury, and no declarations of law asked by either party, *held*, judgment on motion for plaintiff necessarily involved finding of all facts favorable to validity of bonds.

2. **Municipal corporations ⊘931—City held estopped to question legality of proceedings for issuance of bonds for paving.**

Where city had lawful power to issue bonds for paving work and where contractor's work was accepted by city, and bonds given in payment recited that all things required by law had been done, *held* city was estopped to question legality of proceedings leading up to issuance of bonds.

3. **Municipal corporations ⊘374(1)—City, repudiating bonds given paving contractor, would nevertheless be liable to contractor or his assignee for money due under contract.**

City, giving bonds in payment of paving contractor, if successful in defending suit on bonds, would nevertheless be liable to contractor or his assignee for money due on paving contract.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Action by the Hanchett Bond Company against the City of South Sioux City and others. Judgment for plaintiff, and defendants bring error. Affirmed.

W. V. Steuteville, of Sioux City, Iowa (Wymer Dressler, of Omaha, Neb., and E. A. Burgess, of Sioux City, Iowa, on the brief), for plaintiffs in error.

Arthur R. Wells and Carl E. Herring, both of Omaha, Neb. (Halleck F. Rose, John F. Stout, and Paul L. Martin, all of Omaha, Neb., on the brief), for defendant in error.

Before STONE and KENYON, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge. This action was brought by the Hanchett Bond Company, a corporation (hereinafter, for convenience, referred to as plaintiff), against the city of South Sioux City, a municipal corporation (hereinafter called defendant),

to recover judgment on one negotiable bond, of the denomination of $1,000, made and delivered by defendant, and on 766 coupons clipped from municipal bonds of the city. Certain property owners intervened in behalf of defendant city.

The bond in action was one of an issue made by the city on July 1, 1921, the amount of the issue being $39,000. This issue was a part of an entire issue of $239,000 made by the city to defray the expenses of making certain paving in the city and other improvements. $200,000 of these bonds were made and issued July 1, 1920. The coupons in suit were clipped from this issue of bonds. The contract for doing the work was let to one John A. Beebe by the city. The work was done in pursuance of the terms of the contract, and was approved and accepted and used by the city. The contractor, Beebe, was paid by the city in these bonds so issued for that purpose, dollar for dollar. Each of the bonds contains the following recitals. In the bonds issued July 1, 1920, the following:

"This bond is issued under authority of chapter 50 of the Revised Statutes of the state of Nebraska for the year 1913, as amended and other pertinent statutes of said state, for the purpose of curbing, paving, and improving certain streets as pursuant to an ordinance duly passed by the mayor and council of said city as required by law; and it is hereby certified and recited that all conditions, things, and acts required by law to exist, to be or to be done, precedent to and in issuing of this bond have been, have existed and have been performed in due form and time, and that the indebtedness of said city, including this bond, does not exceed any limitation imposed by law."

In the bonds issued July 1, 1921, the following:

"This bond is issued under authority of the Revised Statutes of the state of Nebraska, 1913, as amended, for the purpose of paying the cost of paving streets in improvement district No. 1 in said city, and in anticipating the collection of deferred unpaid special assessments levied to pay the cost of work in said improvement district, and said special assessment has been set aside and constituted a sinking fund for the payment of bonds issued to anticipate their collection, and is authorized by an ordinance duly passed by the council of said city, approved by the mayor thereof and published, as required by law.

"And it is hereby certified and recited that all conditions, things, and acts required by law to exist, to be, or to be done precedent to and in the issuing of this bond have been done, have existed and have been performed in due form and time, and that the indebtedness of said city, including this bond, does not exceed any limitation imposed by law."

The bonds were made by the duly elected qualified officials of the city. No contention is made but that there was adequate statutory power granted to the city to issue the bonds in question. A jury to try the issues joined was waived, and the case was submitted to and tried by the court.

[1] At the conclusion of the trial both plaintiff and defendant city presented a motion for judgment; the motion of the defendant was denied, and the motion of the plaintiff sustained. No declarations of law were asked by either party. It is thus apparent all the facts necessary to support the judgment are determined in favor of the validity of the bonds. In this condition of the record, but little is saved in this case for review. City of Mankato v. Barber Asphalt Paving Co. (C. C. A.) 142 F. 339; Seep v. Ferris (C. C. A.) 201 F. 893; C., M. & St. P. Ry. Co. v. Hormel (C. C. A.) 240 F. 381; Wear v. Imperial Window Glass Co. (C. C. A.) 224 F. 60; Highway Trailer Co. v. Des Moines (C. C. A.) 298 F. 71; LaCrosse Plow Co. v. Pagenstecher (C. C. A.) 253 F. 46, and many other cases.

[2] While plaintiff in error makes and stresses several assignments of error, yet these questions in the main concern themselves with the legality of the proceedings leading up to the issuance of the bonds. However, as there was lawful power on the part of the city to issue the obligations of the city to pay for the work done by the contractor, Beebe, and as this work was done by the contractor for the city to the satisfaction of the city, and was accordingly accepted by the city, and these bonds involved in this action were made and issued by the city in pursuance of lawful statutory power, and were by the city employed in discharging its debt to the contractor, and when so issued by the city they contained the recitals above quoted, insuring the intended purchaser or owner of the same that all preliminary steps had been taken in manner and form as by law required, if it should be now ascertained as a fact these recitals are untrue, the city would, and of right ought to be, estopped to so contend or prove. Loeb v. Trustee of Columbia Tp., 179 U. S. 472, 488, 489, 21 S. Ct. 174, 45 L. Ed. 280; U. S. v. Ft. Scott, 99 U. S. 152, 25 L. Ed. 348; U. S. v. Saunders, 124 F. 124, 59 C. C. A. 394; Knox County v.

Aspinwall, 21 How. 539, 16 L. Ed. 208; Bates County v. Wills, 239 F. 785, 152 C. C. A. 571; Aurora v. Gates, 125 C. C. A. 329, 208 F. 101, L. R. A. 1915A, 910, certiorari denied 232 U. S. 722, 34 S. Ct. 330, 58 L. Ed. 814; Scott County, Ark., v. Advance-Rumley Co. (C. C. A.) 288 F. 739, 747–751, 36 A. L. R. 937; Chapman v. Douglas County, 107 U. S. 348–357, 2 S. Ct. 62, 27 L. Ed. 378; Hitchcock v. Galveston, 96 U. S. 341, 24 L. Ed. 659; Illinois Trust & Savings Bank v. Arkansas City, 22 C. C. A. 171, 76 F. 271, 293, 34 L. R. A. 518; Dudley v. Lake County, 26 C. C. A. 82, 80 F. 672.

[3] Even should the city be successful in its attempt to repudiate the bonds in suit, it would not thereby benefit its condition, for in such event, not having paid the contractor for what it has received and is using, he or his assigns would be entitled to the money earned under the contract owed by the city on the paving contract. Hitchcock v. Galveston, supra; U. S. v. Fort Scott, 99 U. S. 159, 25 L. Ed. 348; Chapman v. County of Douglas, 107 U. S. 357, 2 S. Ct. 62, 27 L. Ed. 378; Read v. Plattsmouth, 107 U. S. 575, 2 S. Ct. 208, 27 L. Ed. 414; Central Transp. Co. v. Pullman Car Co., 139 U. S. 72, 11 S. Ct. 478, 35 L. Ed. 55; Fort Worth City Co. v. Smith Bridge Co., 151 U. S. 302, 14 S. Ct. 339, 38 L. Ed. 167; District of Columbia v. Lyon, 161 U. S. 207, 16 S. Ct. 450, 40 L. Ed. 670; De La Vergne Co. v. German Sav. Inst., 175 U. S. 42, 20 S. Ct. 20, 44 L. Ed. 65; Houston & Texas Cent. R. Co. v. Texas, 177 U. S. 91, 20 S. Ct. 545, 44 L. Ed. 673; Barber Asphalt Pav. Co. v. City of Harrisburg (C. C. A.) 64 F. 286; Missouri Pac. R. Co. v. Sidell (C. C. A.) 67 F. 468.

It follows the decision of the trial court is right, and must be affirmed.