LeTarte *v.* LeTarte

1. Judgment—Rendition—Entry—Difference.

Rendition of a judgment is a judicial act by which a court decides a case in favor of one party or the other; entry of a judgment is merely the ministerial act which records that a judgment has been rendered; the entry should come second in time and must be based upon an already existing judgment.

2. Judgment — Divorce — Rendition of Judgment — Prospective Language.

Trial judge's saying that a judgment of divorce would be entered upon presentation to him of the proper papers incorporating the parties' complete property settlement which had been dictated by their counsel upon the record was not a rendition of a judgment, because the court's language was prospective only.

3. Divorce—Judgment—Death Before Judgment—Abatement of Action.

Death abates a divorce action if the death occurs before the rendition of a judgment, because there is no longer any marriage to dissolve.

Appeal from Muskegon, Albert J. Engel, J. Submitted Division 3 February 3, 1971, at Grand Rapids. (Docket No. 9421.) Decided April 1, 1971. Leave to appeal denied, 385 Mich 761.

Complaint by Margaruette J. LeTarte against Robert LeTarte for divorce. Plaintiff's motion to

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 47 Am Jur 2d, Judgments § 52 *et seq.*
[3] 47 Am Jur 2d, Judgments §§ 94, 161.

dismiss the divorce action upon the death of defendant granted. Sharon Malotke, administratrix of the estate of Robert LeTarte, appeals. Affirmed.

*Edward C. Wilson*, for plaintiff.

*Parmenter, Forsythe, Rude & Dethmers* (by *Ronald L. Piasecki*), for appellant.

Before: FITZGERALD, P. J., and V. J. BRENNAN and T. M. BURNS, JJ.

PER CURIAM. On July 11, 1959, Robert LeTarte was married to the appellee, Margaruette J. (Gardner) LeTarte. Mr. LeTarte was a widower with three minor children; Mrs. LeTarte was a divorcee with no children. The parties lived together as man and wife until February of 1966, when they separated. On July 1, 1966, Mrs. LeTarte filed a complaint for divorce in the Muskegon County Circuit Court.

On the morning of trial, December 16, 1969, the case was settled in open court. Mr. LeTarte withdrew his answer and allowed the case to proceed *pro confesso*. The parties also decided on a property settlement, which was read into the record. Then, after Mrs. LeTarte's testimony was taken, the trial judge made the following remarks to plaintiff's counsel:

*"The Court:* A judgment of divorce will enter upon presentation of the proper form incorporating therein the complete property settlement which, as I understand, has been dictated upon the record between counsel?

*"Mr. Wilson:* Yes. Thank you, Judge.

*"The Court:* Have the property settlement in by Monday, December the 22nd."

A docket entry was made by the clerk[1] indicating that a judgment of divorce was granted to the plaintiff, and the entry was signed by the judge.

On December 20, 1969, Robert LeTarte died before a final judgment of divorce had been presented to the trial judge for his signature. Mrs. LeTarte moved to dismiss the divorce action on the ground that no final judgment had been rendered and thus the case was moot. In a written opinion dated March 30, 1970, the court granted her motion to dismiss.

The personal representative of the deceased urges that a final judgment had been rendered by the court and requests that we enter a *nunc pro tunc* judgment of divorce. The appellee, Mrs. LeTarte, contends that no judgment of divorce occurred prior to her husband's death and that the lower court should be affirmed.

We are faced here with a stopwatch question on which depends the distribution of the estate of Robert LeTarte: if we determine that no judgment was rendered, Mrs. LeTarte takes a major part of the estate by survivorship; if we determine that the above-quoted language amounts to a rendition of judgment, Mrs. LeTarte will take only the property enumerated in the property settlement.

The conceptual difference between the rendition of a judgment and entry of a judgment has long been recognized in Michigan. *Blickle* v. *Kent Probate Judge* (1920), 211 Mich 216; *Lewis* v. *Wayne County Sheriff* (1953), 335 Mich 640. The rendition of the judgment is the judicial act by which the court decides the case in favor of one party or the other. The entry of the judgment is merely the ministerial act which records that a judgment has been rendered. The entry should come second in

---

1 GCR 1963, 522.3.

time and must be based upon an already existing judgment. See *Lewis, supra.* Thus, the mere fact that a judgment was entered on the circuit court docket by the clerk is not dispositive of the issue before us.

The question, then, is whether the statements of the trial judge quoted above constitute the rendition of a judgment of divorce in favor of the plaintiff. We think that they do not.

First, the language of the court is prospective only. The judge was merely saying in effect that Mrs. LeTarte was entitled to a divorce and that as soon as he was presented with and signed a judgment, the divorce would be granted. In *Heck* v. *Bailey* (1918), 204 Mich 54, 55, where a similar problem was presented, the Court held that the following language was not a rendition of judgment:

" 'Dorothy M. Bailey is entitled to a divorce on the grounds as is shown by the proofs in this case, of extreme cruelty, of nonsupport and desertion. * * *

" 'The older children have shown a splendid loyalty to their mother, and the decree of divorce will be signed. The only question that remains is as to the property.' "

We are of the opinion that the statements of the trial court in this case are parallel to those made in the *Heck* case and require the same result. Nor do we think it significant that in our case the parties had agreed on a property settlement while in the *Heck* case the parties had not. It is clear that the trial judge's statements were prospective only, even though the parties were in accord on how the property should be divided, and in any event, the trial judge felt that only the basic elements of the settlement had been agreed upon and that it had yet to be put into writing and submitted for his review.

Also, we are inclined to give great weight to the opinion of the trial judge, since he is the one whose acts are being interpreted. In his written opinion the court said:

"After much reflection, the court is convinced that there was not on December 16, 1969, a presently operative rendition of judgment which only awaited entry. The statement of the court was entirely prospective, and more remained to be done than merely to reduce to writing the oral record made in open court."

We hold, therefore, that the action of the court on December 16, 1969, was not a rendition of a judgment of divorce and that the parties were married at the time of Robert LeTarte's death.

This brings us to defendant's second issue: whether defendant is entitled to an order entering judgment *nunc pro tunc*[2] as of December 16, 1969, in view of the fact that the case had already been submitted.

The clear rule in Michigan and the majority of states is that where one of the parties to a *divorce action* has died after the trial has concluded but before judgment, the action abates because there is no longer any marriage to dissolve. *Wilson* v. *Wilson* (1889), 73 Mich 620; *Heck* v. *Bailey, supra.* Since we have already decided that Mr. LeTarte died before a judgment of divorce was rendered, entry of a judgment *nunc pro tunc* is improper.

Affirmed.

---

[2] See generally, 19 ALR3d 648, § 7, p 659.