**BASSEY AND SELESKO, P.C., a Michigan Professional Corporation, Plaintiff,**

v.

**Jeffrey T. CONDON, Defendant.**

**Civ. No. 87–CV–74051–DT.**

United States District Court, E.D. Michigan, S.D.

June 16, 1988.

Helene Levey, Kieran F. Cunningham, Bassey & Selesko, Southfield, Mich., for plaintiff.

Daniel J. Weiner, Binghamton, Mich., for defendant.

## MEMORANDUM AND ORDER

COHN, District Judge.

### I.

#### A.

This is an action for breach of contract. Jurisdiction is based on diversity. On January 6, 1983 plaintiff Bassey and Selesko, P.C. (formerly known as Bassey, Selesko and Couzens, P.C.), defendant Jeffrey T. Condon and Condo Marine Properties, Inc. (Condo Marine) executed a contract with respect to Condo Marine's failure to pay approximately $80,000 in attorney's fees to plaintiff for services rendered in connection with a Condo Marine corporate venture. In exchange for plaintiff's forbearance from immediately filing suit to recover the fees, an installment contract was executed to facilitate Condo Marine's payment of the fees, including interest. Defendant, Condo Marine's president and principal shareholder, personally guaranteed payment of the principal amount of the fees due with special limitations. Specifically, Condo Marine agreed to pay $7,000 by January 10, 1983 and the remaining balance of $75,302.12, plus simple interest at twelve percent (12%) per annum, on the earlier date of: (a) Condo Marine having completed the sale of sixty-five percent (65%) of the boat wells at its "Anchor Pointe Boat–A–Minimum" or (b) October 31, 1984.

Defendant's personal guaranty was limited as follows. First, it did not include payment of any interest due. Second, the contract provided that payments pursuant to the personal guaranty would not become due until April 15 of the calendar year immediately following any default by Condo Marine. Third, in all circumstances except one, defendant's payments would be limited to five percent (5%) of his gross income as disclosed on his individual income tax return filed for the preceding tax year. Finally, if by October 31, 1987 there remained any balance due to plaintiff, then on such date the entire unpaid balance would become due and owing by defendant, without any limitation based on his gross income.

#### B.

Condo Marine actually made the $7,000 payment to plaintiff due on January 10, 1983. However, because Condo Marine did not sell sixty-five percent (65%) of the boat wells at its Anchor Pointe Boat–A–Minimum prior to October 31, 1984, the balance of $75,203.17 plus interest became due and owing by Condo Marine on that date. Con-

do Marine defaulted on this payment and after defendant refused to pay any portion of it, plaintiff filed suit on April 15, 1985. *See Bassey & Selesko, P.C. v. Jeffrey T. Condon,* Civil Action No. 85–CV–71722–DT (E.D.Mich.) (Cohn, J.) (the 1985 case).

Curiously, the complaint in the 1985 case demanded judgment against defendant for the full balance due of $75,203.12 plus interest. Plaintiff's theory of the case apparently was that upon Condo Marine's default, the entire balance due was accelerated and owed in full on April 15, 1985, plus interest, despite the contrary language of the personal guaranty and the absence of any acceleration clause.

The 1985 case proceeded to a bench trial in January 1986. The Court rejected the acceleration theory and request for interest and found that as of April 15, 1985, defendant was obligated only to make an installment payment which equalled the lesser of the balance due or five percent (5%) of his gross income as disclosed on his tax return for the 1984 tax year. Five percent of defendant's gross income for the tax year 1984 was $3,520.45. Accordingly, the Court stated: "The Court [sic] will be directed to enter judgment in the amount of [$3,520.45]." The following exchange between the Court and plaintiff's counsel then followed:

> MR. CUNNINGHAM: Your honor, may the judgment include specific reference that this does not preclude further suits on nonpayment?
>
> THE COURT: It's a judgment only for the payment due April 15, 1985, as of April 15, 1985. That's the only item in dispute in this case.
>
> MR. CUNNINGHAM: Thank you, your Honor.
>
> THE COURT: Obligations for future years remain open.

After the judgment was entered in the 1985 case, plaintiff waited until November 6, 1987, six days after the October 31, 1987 operative date under the personal guaranty to file this suit for the entire balance due, i.e., $71,682.67, or $75,203.12 minus the $3,520.45 judgment in the 1985 case.

## C.

Before the Court are the parties' cross motions for summary judgment. Plaintiff contends that the issues actually decided in the 1985 case collaterally estop defendant from raising any defenses to final payment pursuant to his personal guaranty which he in fact raised, or could have raised, in the 1985 case. Plaintiff says that it is therefore entitled to a judgment for $71,682.67 as a matter of law.

Defendant, on the other hand, contends that because the complaint in the 1985 case sought payment of the full $75,203.12 and judgment was entered against him for only $3,520.45, the judgment is res judicata as to the present claim and operates to bar this suit.

For the reasons which follow, summary judgment will be granted in favor of plaintiff.

## II.

### A.

■ Federal law applies to determine the applicability of res judicata in federal diversity cases. *Cemer v. Marathon Oil Co.,* 583 F.2d 830, 831 (6th Cir.1978). Also, pursuant to a choice of law provision in the parties' contract, Michigan law applies to determine the substantive issues.

### B.

■ With respect to defendant's res judicata defense, the Court is constrained to note that his obligation to make payments pursuant to the personal guaranty was clearly in the nature of an installment contract, with the size of the installment payments contingent on a percentage of his gross income, but in no event was full payment to be delayed beyond October 31, 1987. While in the 1985 case plaintiff attempted to dispute this conclusion and argue that the full amount was due under an acceleration theory, the Court clearly treated the personal guaranty as an installment obligation under the facts proven at trial and explicitly rendered judgment only on the first installment.

Once the Court made its ruling, plaintiff immediately proposed to have the form of judgment reflect the fact that it covered only the first installment, but the Court discouraged such attempt on the ground that the nature of the judgment rendered, i.e., that it covered only the first installment, was patently clear.

The law in Michigan is settled that suit for one installment on an installment-type obligation will not operate to bar suit for recovery of installments subsequently falling due. *Near v. Donnelly*, 93 Mich. 460, 461, 53 N.W. 616 (1892); *Raymond v. White*, 120 Mich. 165, 166 (1899). Put another way, claims on an installment contract do not ordinarily even accrue until the installment becomes due, at least in the absence of an acceleration clause. *Visioneering v. Belle River*, 149 Mich.App. 327, 333, 386 N.W.2d 185 (1986); *accord*, 1 Am. Jur.2d *Actions* s 138 (1962 and 1987 Supp.).

### C.

■ Regarding defendant's technical arguments with respect to the form of judgment, it is generally held that if there is any ambiguity or obscurity reflected in the form of judgment, or if it fails to express the rulings in the case with clarity or accuracy, reference may be had to the findings and the entire record giving rise to the judgment for the purpose of determining what exactly was decided. *Security Mut. Cas. Co. v. Century Cas. Co.*, 621 F.2d 1062, 1066 (10th Cir.1980).[1] It was stated long ago by the Court of Appeals for the Sixth Circuit that:

A Court's judgment must be read and interpreted in the light of what was before it....

*Pen–Ken Gas & Oil Corp. v. Warfield Natural Gas Co.*, 137 F.2d 871, 885 (6th Cir.1943). *See also*, 11 Wright & Miller, *Fed.Prac. & Proced.* s 2783 (entry of judg-

ment by deputy clerk is purely ministerial task); Fed.R.Civ.P. 58 (implicitly supports the proposition that the entry of a judgment is essentially a ministerial act, performed by the deputy clerk, upon a decision of the Court); Fed.R.Civ.P. Form 32 ("Judgment on Decision by the Court" patently advances a minimalist view regarding forms of judgment).

Thus, Condon's res judicata defense is meritless and does not operate to preclude recovery of further relief by plaintiff as further installment payments became due under the personal guaranty. Interpreting the judgment in the 1985 case in light of what was before the Court, and what was actually decided, it is clear that the judgment does not bar the present suit. Because Condon has allegedly failed to satisfy his remaining obligations under the personal guaranty, further relief may be obtained by plaintiff.

### D.

With respect to plaintiff's collateral estoppel offense, state law determines its applicability in a diversity case. *Mackris v. Murray*, 397 F.2d 74 (6th Cir.1968); *Hackler v. Indianapolis & Southeastern Trailways, Inc.*, 437 F.2d 360, 362 (6th Cir.1971). The law of Michigan is clear that:

[I]f an adjudication is once had, and any question respecting it arises afterwards in a collateral suit, the adjudication will be held conclusive. It will also be conclusive in any new suit in which either party, by his pleadings, endeavors to put in issue and thus retry the subject matter of the former adjudication or any portion thereof.

*Jacobson v. Miller*, 41 Mich. 90, 94, 1 N.W. 1013 (1879).

■ The only issue raised in this case that was not fully litigated in the 1985 case is the due date of any installments due

1. As an aside, the Michigan courts have also long recognized a conceptual difference between the *rendition* of a judgment and the *entry* of a judgment. In *LeTarte v. LeTarte*, 32 Mich. App. 289, 291, 188 N.W.2d 673 (1971), the Michigan Court of Appeals stated:

The rendition of the judgment is the judicial act by which the court decides the case in favor of one party or the other. The entry of the judgment is merely the ministerial act which records that a judgment has been rendered. The entry should come second in time and must be based upon an already existing judgment.

*Id.* at 291–92, 188 N.W.2d 673.

subsequent to April 15, 1985. The contract clearly and unambiguously provides that regardless of the years immediately after 1985, defendant in any event became liable on the personal guaranty for the full balance remaining under the contract, without any limitation based on his gross income, on October 31, 1987. Defendant has not offered any contrary interpretation of the contract.

### III.

Accordingly, plaintiff's motion for summary judgment is GRANTED and defendant's motion is DENIED. The deputy clerk will enter a judgment in favor of plaintiff in the amount of $71,682.67.

SO ORDERED.