[Civ. No. 109.  First Appellate District.—January 23, 1906.]

BERTHA SCHAADT et al., Respondents, v. MUTUAL LIFE INSURANCE COMPANY OF NEW YORK et al., Defendants. CHARLES JANSEN, Guardian, etc., of ANNIE E. PFAFF et al., Minors, Appellant.

SPECIFIC PERFORMANCE—AGREEMENT TO LEAVE PROPERTY BY WILL.— An agreement to dispose by will of a definite part or the whole of the promisor's estate in a particular manner may be enforced in equity; but before such agreement can be so enforced it must be definite, certain, and founded on a valuable consideration, and proof of the contract should be clear, and the acts of the claimant referable alone to the contract.

ID.—CONSIDERATION FOR PROMISE.—Under section 1605 of the Civil Code, defining a good consideration for a promise, a benefit conferred to which the promisor is already entitled is not a proper consideration for a promise.

ID.—LIFE INSURANCE POLICY ON LIFE OF HUSBAND—POSSESSION.—A policy of life insurance taken out by a married man on his own life, and made payable to his representatives upon his death, and on which the annual premiums are voluntarily paid by his wife from her separate property, is subject to his disposition and control

either by will or by act *inter vivos* and he is entitled to the possession of the policy during his life; and a promise by the husband to will the proceeds of the policy in a particular manner, in consideration of its being delivered to him by his wife, is without consideration.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order refusing a new trial. Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

Walter Gallagher, J. J. Guilfoyle, and R. M. Royce, for Appellants.

Joseph Hutchinson, for Respondents.

HALL, J.—This is an action in equity to specifically enforce an agreement to make a will, whereby the plaintiffs, Bertha Schaadt and Hermina Curieux, should receive from the proceeds of a policy of insurance upon the life of January Pfaff each the sum of $1,000 upon his death. The defendant, the Mutual Life Insurance Company of New York, defaulted, and upon the order of the court paid the amount of the policy as follows: $2,590 to defendant Charles Jansen, guardian of Annie E. and Frankie Pfaff, minors, and the balance of $2,000 to the clerk of the court to abide the determination of the action. The plaintiffs Bertha Schaadt and Hermina Curieux recovered judgment against Charles Jansen as guardian of the estates of said minors for $2,000, payable only out of the money so deposited with the clerk of the court. The defendant Jansen, as such guardian, moved for a new trial, his motion was denied, and he thereupon appealed from the judgment and the order denying his motion for a new trial. The action was tried upon an amended complaint and the answer of appellants.

The plaintiffs, Bertha Schaadt and Hermina Curieux, are daughters of the plaintiff Ernestine Pfaff. January Pfaff and Ernestine Pfaff were husband and wife from November, 1863, until February 7, 1889, when they were divorced at the suit of Ernestine Pfaff for willful neglect by January Pfaff. Annie E. and Frankie Pfaff are the children of Frank S.

Pfaff, a deceased son of Ernestine and January Pfaff. It is alleged in the amended complaint, in substance, that on the 18th day of March, 1865, which was after the marriage of Ernestine and January Pfaff, the defendant corporation issued its policy of life insurance for $10,000 upon the life of January Pfaff, payable to his representatives upon his death; that all the premiums thereon from and including the year 1865 to and including the year 1880, amounting to $3,302, were paid by Ernestine Pfaff out of her separate property; that the plaintiff Ernestine Pfaff held the said policy in her own possession; that just prior to the eighth day of April, 1881, "the said January Pfaff, through the defendant Charles Curieux, obtained said policy from said Ernestine Pfaff to have it changed to a paid-up policy, and upon his promise to make provision by will, or by the terms of the policy, to have the proceeds of the policy, in case of his death, disposed of as follows, to wit, $1,000 thereof to plaintiff Hermina Curieux, $1,000 thereof to plaintiff Bertha Schaadt, and the balance to Frank S. Pfaff." The policy was changed to a paid-up policy for $4,590, payable to the representatives of January Pfaff at his death, and returned to Charles Curieux, together with a will executed by January Pfaff, wherein he provided for the payment out of the proceeds of said policy of $1,000 each to Bertha Schaadt and Hermina Curieux. Subsequently, after the death of Frank S. Pfaff, January Pfaff obtained the said policy from Charles Curieux by representing to him that he wanted to have it made payable to Bertha Schaadt and Hermina Curieux and the children of Frank S. Pfaff, Annie E. and Frankie Pfaff. January Pfaff caused the policy to be made payable to Annie E. and Frankie Pfaff, and made a new will which did not make any disposition of the proceeds of the policy, but which (as appears from the evidence in the case) gives to the plaintiffs Bertha Schaadt and Hermina Curiex each from the estate of January Pfaff about $1,500

That an agreement to dispose by will of a definite part or the whole of the promisor's estate in a particular manner may be enforced in equity does not admit of doubt. The law on this question has been discussed and the principle above stated affirmed in *Owens* v. *McNally,* 113 Cal. 444, [45 Pac. 710], *McCabe* v. *Healy,* 138 Cal. 81, [70 Pac. 1008], and the numerous cases from other jurisdictions cited in the opinions in

said two cases. In the vast majority of the cases reported in the books the agreement to make a will in favor of the plaintiff has been upon the consideration that plaintiff live with the promisor, and perform such duties as are usually performed by a child to a parent. Before a contract of this kind can be enforced in a court of equity it must be definite, certain and founded upon a valuable consideration. Thus in *Owens* v. *McNally, supra,* it is said: "Where a contract such as this, resting in parol and sought to be enforced after the death of the other party to it, comes before a court of equity for review, it is scrutinized, and should be scrutinized, with particular care, and only upon a satisfactory showing that it is definite and certain and just will it be enforced. The proofs of the contract should be clear, and the acts of the claimant referable alone to the contract"—citing *Ackerman* v. *Ackerman's Exrs.,* 24 N. J. Eq. 587. An agreement that is not supported by a valuable consideration will not be enforced. (Waterman on Specific Performance, sec. 186; Pomeroy's Specific Performance, 2d ed., sec. 57.) Speaking of contracts to dispose of property by will Waterman says: "But such a contract, especially when it is attempted to be established by parol, is regarded with suspicion, and not sustained excepting upon the strongest evidence that it was founded upon a valuable consideration and deliberately entered into by the decedent." (Waterman on Specific Performance, sec. 41.)

With the above-stated principles in mind we enter upon an examination of the complaint upon which this action was tried. It appears from the complaint that January Pfaff "obtained said policy from Ernestine Pfaff, to have it changed to a paid-up policy, and upon his promise to make provision by will, or by the terms of the policy to have the proceeds of said policy, in case of death, disposed of as follows, to wit: $1,000 thereof to plaintiff Hermina Curieux, $1,000 thereof to plaintiff Bertha Schaadt, etc." In other words, the only consideration directly alleged for the promise of January Pfaff was the delivery to him by Ernestine Pfaff of the original policy. Whether or not this was a sufficient consideration for his promise depends upon whether or not the allegations of the complaint show that Ernestine Pfaff had a right to the possession of said policy as against her

husband January Pfaff. "Any benefit conferred, or agreed to be conferred, upon the promisor by any other person to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise." (Civ. Code, sec. 1605.) The converse of the above rule is equally true, that a benefit conferred to which the promisor is already lawfully entitled is not a good consideration for a promise. From the statement in the complaint we must assume that the original policy belonged to January Pfaff. It is not directly stated who obtained the policy, or to whom it was issued, but it is stated that it was payable to the representatives of January Pfaff, and as we must presume that the pleader has stated her case as strongly in her favor as the facts will warrant it appears that the policy was his. Indeed, the entire proceeding is based on the theory that the policy belonged to January Pfaff, and was subject to his disposition either by will or by act *inter vivos.* A husband has the right to the control and disposition of community property. It is true that it is alleged that Mrs. Pfaff paid out of her separate property the premiums upon the policy, but why she did so is not alleged. It is simply stated historically that she did so. It is not attempted to be alleged that the promise to make the will had any connection with such payments, or that such payments were made upon the faith of any such promise. In the absence of any allegation to the contrary we must presume that such payments were purely voluntary.

It is also alleged that Mrs. Pfaff held the policy in her possession, but no right to such possession is set up. The bald fact that she paid the premiums on the policy would give her no right to the possession nor any lien on the policy. How she obtained possession of the policy is not alleged, nor is any attempt made to connect such possession with the payment of premiums. The two things are simply stated as historical facts without any explanation whatever. We thus see that when Mrs. Pfaff delivered the policy to January Pfaff she gave him only what he appears to have been lawfully entitled to. Such delivery is not a sufficient consideration for the promise relied on. (Civ. Code, sec. 1605.)

For the foregoing reasons we do not think the amended complaint states a cause of action.

The judgment and order are therefore reversed.

Cooper, J., and Harrison, P. J., concurred.