JOHN J. CRINKLEY ET AL., APPELLEES, v. JOHN T. ROGERS ET AL., APPELLANTS.

FILED DECEMBER 19, 1916.  No. 19059.

1. **Devise:** AGREEMENT TO MAKE. An agreement upon sufficient consideration to devise or bequeath property is valid and enforceable." *Teske v. Dittberner*, 70 Neb. 544.

2. ——: ——: CREATION OF TRUST. "In such case, equity will impress a trust upon the property, which will follow it into the hands of personal representatives of the promisor or grantees without consideration." *Teske v. Dittberner*, 70 Neb. 544.

3. **Trusts:** CREATION. "Where a person, knowing that a testator with whom he has confidential relations in leaving him a devise or bequest intends it to be applied for the benefit of another, either expressly promises or by his action at the time implies that he will carry the testator's intention into effect, and the property is left to him with the faith on the part of the testator that his promises will be kept, he will be held as trustee." *Smullin v. Wharton*, 73 Neb. 667.

4. ——: ——: EQUITY. "In such case, the will has full effect by passing an absolute legacy to the legatee, but equity, in order to defeat fraud, raises a trust in favor of those intended to be benefited by the testator, and compels the legatee as a trustee *ex maleficio* to turn over the gift to them. The court acts not upon an express trust created by the testator but, on account of the fraud, upon the conscience of the devisee" *Smullin v. Wharton*, 73 Neb. 667.

5. **Evidence** examined, and found sufficient to sustain the decree of the trial court.

6. **Witnesses:** COMPETENCY. Testimony of witnesses having a direct legal interest in the subject of the controversy, and of the attorney and confidential adviser of the deceased, *held* properly excluded. See sections 7894, 7898, Rev. St. 1913.

7. **Appeal:** Evidence: Presumptions. Error cannot be predicated for the admission of alleged incompetent evidence where a cause is tried to the court without a jury; the presumption in such case is that the court considered only competent evidence in reaching his conclusion and judgment.

Appeal from the district court for Saunders county: Edward E. Good, Judge. *Affirmed.*

*R. J. Greene, John H. Barry, Riling & Riling* and *Lionel C. Burr,* for appellants.

*B. F. Good, B. E. Hendricks, Harding & Owen* and *Burkett, Wilson & Brown, contra.*

Hamer, J.

This was an action in the district court for Saunders county brought by the heirs of Christina Rogers to recover their alleged interest in her estate consisting of certain land situated in that county, and personal property which was in her name at the time of her death. The defendants named in plaintiffs' petition were John T. Rogers, James Rogers, Eleanor Johnson Mitchell, Minnie Johnson Hardy, James W. Johnson, Bertha Strahl, Tena S. McGregor, Alexander Dow, and John Martin, as administrator, together with John H. Barry. From a decree for the plaintiffs and the defendant Tena S. McGregor, the other defendants have appealed.

It appears from the record that William Rogers, whose property is the subject of controversy, had for many years been a resident of Saunders county. He first settled on a homestead and afterwards acquired considerable other real estate by purchase. He married Christina E. Stewart in 1883, and from that time until her death, which occurred in 1913, they resided together in Saunders county. Prior to her death William Rogers conveyed all of his property to his wife and the same was in her name when she died. Tena S. McGregor, one of the defendants, was a niece of Mrs. Rogers, and had visited with them for many years and had ministered

to their comfort.   The record shows that after her marriage to Mr. Rogers his wife had inherited a considerable sum of money from her people.   That money was used to purchase some of the real estate which was conveyed to her by her husband.   Other sums were deposited in the bank at Ceresco.   There was an oral agreement between Rogers and his wife that on the death of either the survivor should have all of the property, both real and personal, until his or her death, when it should go to Tena S. McGregor and the other heirs of Mrs. Rogers.   This fact seems to be clearly established by the evidence of many competent witnesses. Mrs. Rogers, before her death, made a will by which she bequeathed and devised all of her property of every kind to her husband, William Rogers, who survived her.   Her will was duly admitted to probate, and thus William became possessed of the whole estate.   Before his death, which occurred on August 6, 1913, he made his will disposing of all the property in his name but contrary to the agreement between himself and his deceased wife. Tena S. McGregor presented his will for probate.   The heirs of Rogers contested, and the will was set aside on the ground that he was incompetent to make the same. Tena S. McGregor appealed to the district court.   Pending the trial in that court all of the parties to that record entered into a stipulation which provided, in substance, that Tena S. McGregor should have one-third of all the estate, both real and personal, after the payment of Rogers' debts and the costs of the administration, and that her appeal should be dismissed.   This stipulation was approved by the district court, and the appeal was accordingly dismissed.   Afterwards the heirs of Christina E. Rogers commenced this suit. Meanwhile John H. Barry had obtained an interest in the property through some of the heirs of William Rogers, and he was made a party defendant.   Tena S. McGregor, being satisfied with the settlement she had made with the contestants of the will of William Rogers, refused to join

as a plaintiff, and therefore she was made a defendant. By the decree appealed from Tena S. McGregor was awarded one-third of the whole estate after the payment of Rogers' debts and the costs of administration. The remainder of the estate was given to the other heirs of Mrs. Rogers.

It is the contention of appellants that the decree is not supported by the evidence and is contrary to law. The rule is well established in this state that equity will fasten a trust upon property in the hands of a person who promised to dispose of it by will in favor of another, which will follow it into the hands of personal representatives or grantees without consideration. *Teske v. Dittberner,* 70 Neb. 544. "Where a person, knowing that a testator with whom he has confidential relations in leaving him a devise or bequest intends it to be applied for the benefit of another, either expressly promises or by his action at the time implies that he will carry the testator's intention into effect, and the property is left to him with the faith on the part of the testator that his promises will be kept, he will be held as trustee." *Smullin v. Wharton,* 73 Neb. 667. "In such case, the will has full effect by passing an absolute legacy to the legatee, but equity, in order to defeat a fraud, raises a trust in favor of those intended to be benefited by the testator, and compels the legatee as a trustee *ex maleficio* to turn over the gift to them. The court acts not upon an express trust created by the testator but, on account of the fraud, upon the conscience of the devisee." *Smullin v. Wharton,* 73 Neb. 667; *Pollard v. McKenney,* 69 Neb. 742, 753; *Schneringer v. Schneringer,* 81 Neb. 661.

Without quoting the evidence, we find that it is clear and convincing that William Rogers agreed with his wife that he would make a will devising and bequeathing the estate which she gave to him by her will to Tena S. McGregor and her other heirs; therefore the court was warranted in decreeing one-third of the property to Tena,

and the remainder of it to the other heirs of Mrs. Rogers.

Mrs. Rogers left all her estate to her husband by will, relying upon his promise to protect her heirs and carry out her intentions as agreed. He obtained title to all of her estate, being all the property which she had, by reason of his confidential relation, the confidence she had in him, and his agreement to carry out her wishes. To decree the estate to others than her heirs would amount to a fraud which a court of equity should not tolerate.

Appellants also contend that the trial court erred in excluding the proffered evidence of John T. Rogers. It is clear that the witness was directly interested in the subject-matter of the controversy, and under the provisions of section 7894, Rev. St. 1913, his evidence as to conversations and transactions with the deceased was properly excluded. The same may be said as to the proffered evidence of C. H. Slama who was William Rogers' attorney and confidential adviser. Rev. St. 1913, sec. 7898.

Appellants further contend that the court erred in refusing to sustain the motion to correct the testimony of witness C. C. Turney. As we view the record, it speaks for itself, and the court properly refused to make the proffered correction.

As to the assignment of error in receiving certain evidence, it may be said that, where the trial is to the court without a jury, the presumption is that the court considered only competent evidence in reaching his conclusion and judgment.

Finally, the record clearly shows that Mrs. Rogers furnished a large part of the money used for the purchase of the real estate; that she and her husband had frequently and publicly declared that their property should go to Tena S. McGregor and the other heirs of Mrs. Rogers to the exclusion of the heirs of her husband. Tena had visited with them for many years, had ministered to their comfort and their wants, and was entitled

to one-third of the property granted her by the stipulation on which she dismissed her appeal in the case relating to the contest of Mr. Rogers' will.

We find no reversible error in the record, and the judgment of the district court is

AFFIRMED.

ROSE and SEDGWICK, JJ., not sitting.