DAVID A. LAWTON *et ux vs.* CLARENCE C. THURSTON, *Ex. et al.*

FEBRUARY 27, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEETLAND, C. J. This is a bill in equity brought against the executor of the will and codicil of Mary J. Hammond, late of Newport, deceased, and the residuary legatees named in said will and codicil, to have the estate of Mary J. Hammond impressed with a trust in favor of the complainants arising out of an agreement alleged to have been made by the testatrix with the complainants.

The cause was heard before a justice of the Superior Court who ordered the entry of a decree granting to the complainants the relief prayed for in the bill. The cause is before us upon the appeal of the respondents.

The complainants claim that for many years prior to 1912, Mary J. Hammond had been on terms of great intimacy and friendship with the complainants, particularly with the complainant Adeline M. Lawton; that in 1912 Mrs. Ham-

mond, then about seventy-five years old, a widow and childless, induced the complainants to discontinue their own home, sell some of their furniture and come and reside with her, upon her promise that if they would do so, and continue to live with and take care of her during the remainder of her life she would by her will give to the complainant Adeline M. Lawton everything she had; that at that time Mrs. Hammond showed to Mrs. Lawton a will executed by Mrs. Hammond in which she devised and bequeathed all of her property to Adeline M. Lawton, except a bequest of four hundred dollars to the Island Cemetery Company. The complainants further claim that upon their part they in good faith fully performed their part of the agreement with Mrs. Hammond and lived with her and took care of her until her death in November, 1922, but that Mrs. Hammond in disregard of her contract with the complainants executed said will and codicil which have been admitted to probate in the Probate Court of Newport, in which will and codicil she gave all her property, save a bequest of four hundred dollars to the Island Cemetery Company, to the respondents Clarence C. Thurston and Foster Hazen Carr.

It is established in this State, in conformity with the weight of authority, that a man may make an agreement, which will be valid if supported by legal consideration, to dispose of his property in a particular way by will, and that such contract may be enforced in equity after his decease against his heirs, devisees or personal representative. *Spencer* v. *Spencer*, 25 R. I. 239.

The claim of such a contract will be regarded with suspicion by a court of equity, and the same will not be enforced against the estate of a decedent unless established by clear and convincing evidence. *Spencer* v. *Spencer*, 26 R. I. 237; *Messier* v. *Rainville*, 30 R. I. 161.

The justice of the Superior Court found that the evidence presented at the hearing clearly and convincingly supported the complainants' claim of the making of the alleged agree-

ment between the complainants and Mrs. Hammond, and also that the agreement had been performed in full on the part of the complainants.

We find from an examination of the transcript that the evidence fully supports the conclusion of the justice, and we shall not disturb his findings.

The decree appealed from is affirmed. The cause is remanded to the Superior Court for further proceedings.

*Sheffield & Harvey,* for complainants.

*Frank F. Nolan,* for respondents.