## MOUMAL v. WALSH et al.

No. 3430.

District Court of Alaska.   Second Division.   Nome.
March 11, 1940.

Ira D. Orton and O. D. Cochran, both of Nome, for plaintiff.

Leroy M. Sullivan, of Nome, for defendant.

MORISON, District Judge.

This is an action to set up a verbal contract to make a will, alleged to have been entered into between the plain-

tiff, Alice Moumal, and the deceased Frank Rahn; and also to have a decree of this court vesting in her, the plaintiff, all the residue of the estate of the said Frank Rahn, deceased, after the payment of all debts of deceased and the costs of administration of his estate.

The complaint alleges substantially that the deceased was, during his lifetime, a resident of Alaska, and had no relatives or intimate friends; that since August, 1930, she has been a widow, residing in Portland, Oregon; and that the deceased being "alone in the world, looked to plaintiff to supply him with the affection, friendship, counsel and care which could otherwise be supplied only by a wife and/or children."

That on or about the first day of November, 1932, and while a resident of Portland, Oregon, plaintiff and deceased entered into a verbal contract under the terms of which it was mutually agreed that in consideration of plaintiff furnishing deceased, on the occasions of his yearly visits to the States, a home and companionship, and generally to care for him as occasion might arise, that he, the said Frank Rahn, would will to plaintiff upon his death all the property of every kind and character which he might then own. It further alleges that in pursuance of this agreement, and during the yearly visits of deceased to the States which extended for months on each visit, she provided him with living quarters without charge, did his cooking, cared for him during extended periods of illness, made trips to San Francisco and Seattle and remained at said locations with the said Rahn for periods of weeks and months from time to time, all at her own expense, and in fulfillment of the terms and conditions of her contract with him.

She further avers that the deceased was without kin; that he died leaving an estate of about $4,512.89. And she therefore prays that judgment and decree of this court be entered establishing the contract between the plaintiff and the said Frank Rahn, deceased, as alleged in the complaint, and decreeing thereunder that plaintiff is the owner of and

entitled to distribution of all the residue of the said estate after paying all just claims against said estate and the costs of distribution, and that her right thereto be quieted and that the defendant, as administrator, be ordered and decreed to execute to plaintiff good and sufficient document of title conveying to plaintiff all the real and personal property, and that upon failure of the administrator so to do, the clerk of this court execute under seal of the court, such an instrument, or instruments, and for such further and additional relief as in the premises may be meet and equitable.

To this complaint the administrator of the estate of the deceased Rahn demurs, and the Territory of Alaska files a motion to dismiss, on the grounds substantially that

First. This court has no jurisdiction of the subject matter of the action, and

Second. The complaint does not state facts sufficient to constitute a cause of action.

Other matters are set up in both the demurrer and motion which are unnecessary to be considered at this time.

█ █ In argument before the court on the demurrer counsel for the defendant contended that the issues arising under the complaint are cognizable by the probate court alone and that this court has no jurisdiction of the cause. And the motion filed by the Territory takes the same position. But counsel for the plaintiff claims that the purpose of this action is to enforce the specific performance of a contract to make a will; and to impress a trust in favor of the plaintiff upon the residue of all the real and personal property of the deceased after his debts and costs of administration are paid.

If this be the true purpose of this action, and apparently such claim is inescapable, then there can be no question as to the jurisdiction of this court. The law plainly declares that it is not necessary to present purely equitable claims to an administrator or to a probate court for allowance,

for the reason that neither the administrator nor the probate court can grant equitable relief. Brooks v. Yarbrough, 10 Cir., 37 F.2d 527, 531; Oles v. Wilson, 57 Colo. 246, 141 P. 489.

■ And, indeed, there is a further doctrine of the law, well settled and long existing, to the effect that a court of equity having acquired jurisdiction for one purpose, will retain it for the administration of full relief. Duffy v. Strandberg, 5 Alaska 353.

The question of jurisdiction being thus disposed of, the next which arises in the case is whether or not the complaint states facts sufficient in law to constitute an action?

■ The answer to this question is dependent upon the answer to another, and that is whether or not a valid contract may be made whereby one may bind himself to make a will of his property, at some future time, to another.

The complaint very clearly alleges that there was an attempt to do so, and there are many authorities sustaining the validity of such contracts; among which are the following: Brooks v. Yarbrough, 10 Cir., 37 F.2d 527, 231; Owens v. McNally, 113 Cal. 444, 45 P. 710, 33 L.R.A. 369; Johnson v. Hubbell, 10 N.J.Eq. 332, 66 Am.Dec. 773; Taylor v. Cathey, 211 Ala. 589, 100 So. 834; Eggstaff v. Phelps, 99 Okl. 54, 226 P. 82; Kisor v. Litzenberg, 203 Iowa 1183, 212 N.W. 343; Pfeiffer v. Kemper, 244 Ill.App. 474; McCullough v. McCullough, 153 Wash. 625, 280 P. 70; O'Neil v. Ross, 98 Cal.App. 306, 277 P. 123; Gordon v. Spellman, 145 Ga. 682, 89 S.E. 749, Ann.Cas.1918A, 852; Stewart v. Todd, 190 Iowa 283, 173 N.W. 619, 180 N.W. 146, 20 A.L.R. 1272; Crinkley v. Rogers, 100 Neb. 647, 160 N.W. 974; Torgerson v. Hauge, 34 N.D. 646, 159 N.W. 6, 3 A.L.R. 164; Popejoy v. Boynton, 112 Or. 646, 229 P. 370, 230 P. 1016; Lawton v. Thurston, 46 R.I. 317, 128 A. 199; Van Natta v. Heywood, 57 Utah 376, 195 P. 192; Worden v. Worden, 96 Wash. 592, 165 P. 501; Bolman v. Overall, 80 Ala. 451, 2 So. 624, 60 Am.Rep. 107.

■ And it is further held that a court of equity will, in proper cases, specifically enforce such an agreement by treating the heirs, devisees or personal representatives, as the case may be, as trustees and compel them to convey the property in accordance with the terms of such contract. Brooks v. Yarbrough, 10 Cir., 37 F.2d 527, 532.

In Johnson v. Hubbell, cited above, the court said: "There can be no doubt but that a person may make a valid agreement binding himself legally to make a particular disposition of his property by last will and testament. The law permits a man to dispose of his own property at his pleasure, and no good reason can be assigned why he may not make a legal agreement to dispose of his property to a particular individual, or for a particular purpose, as well by will as by a conveyance to be made at some specified future period or upon the happening of some future event. It may be unwise for a man, in this way, to embarrass himself as to the final disposition of his property, but he is the disposer, by law, of his own fortune, and the sole and best judge as to the time and manner of disposing it. A court of equity will decree the specific performance of such an agreement upon the recognized principles by which it is governed in the exercise of this branch of its jurisdiction."

And in Bolman v. Overall [80 Ala. 451, 2 So. 626, 60 Am.Rep. 107], also cited above, the court said: "The principle upon which courts of equity undertake to enforce the execution of such agreements is referable to its jurisdiction over the subject of specific performance. It is not claimed, of course, that any court has the power to compel a person to execute a last will and testament carrying out his agreement to bequeath a legacy; for this can be done only in the lifetime of the testator, and no breach of the agreement can be assured so long as he lives. And, after his death, he is no longer capable of doing the thing agreed by him to be done. But the theory on which the courts proceed is to construe such an agreement, unless void under the statute of frauds or for other reason, to bind

the property of the testator or intestate so far as to fasten a trust on it in favor of the promisee, and to enforce such trust against the heirs and personal representative of the deceased, or others holding under them charged with notice of the trust. It is in the nature of a covenant to stand seized to the use of the promisee, as if the promisor had agreed to retain a life estate in the property, with remainder to the promisee in the event the promisor owns it at the time of his death, but with full power on the part of the promisor to make any bona fide disposition of it, during his life, to another, otherwise than by will." Brooks v. Yarbrough, 10 Cir., 37 F.2d 527, 532.

■ But, in order to sustain an oral contract to make a will, the evidence must be clear, satisfactory and convincing.

■ And not only must it be clear and convincing, but it must also be supported by a sufficient valid consideration. Blanc v. Connor, 167 Cal. 719, 141 P. 217; Schaadt v. Mutual Life Ins. Co. of New York, 2 Cal.App. 715, 84 P. 249.

And by "a sufficient consideration" is meant such as is a benefit to the promisor or a detriment to the promisee, or both, but it must fall within at least one of these classes; and must have some value in the eyes of the law. Schaadt v. Mutual Life Ins. Co. of New York, 2 Cal.App. 715, 84 P. 249; Quinton v. Kendall, 122 Kan. 814, 253 P. 600.

■■ Now, while it is the settled law that a contract founded on an illegal or immoral consideration is void; and while there are strong indications in the complaint itself in this case of immoral relations having existed between the plaintiff and the deceased and which lasted for a number of years, still there are further and positive allegations in the complaint of valid and beneficial services rendered by the plaintiff to the deceased and which also continued through a number of years; consequently, from these plead-

ings alone the court is unable to determine what the facts are and whether the consideration of the contract, if any such was made, is a valid or invalid one. The demurrer is therefore overruled, and the motion to dismiss denied; and the defendants are allowed ninety days in which to file their answers in the case.