EMPLOYERS MUT. LIABILITY INS. CO.
OF WISCONSIN v. ANDRUS et al.

No. 124 M.

District Court, Middle District Alabama,
N. D.

July 1, 1941.

Jack Crenshaw, of Montgomery, Ala., for plaintiff.

Hill, Hill, Whiting & Rives, of Montgomery, Ala., for defendant Robert H. Andrus.

Charles M. Pinkston, of Montgomery, Ala., for defendant Sara Williams.

KENNAMER, District Judge.

A judgment was rendered in the circuit court of Montgomery, Alabama, against Robert H. Andrus and in favor of Sara Williams in the sum of two thousand, nine hundred and ninety-nine dollars and sixteen dollars and seventy cents costs, because of injuries received in an automobile accident.

At the time of the accident in which Sara Williams was injured, Robert H. Andrus had a policy of automobile liability insurance with the Employers Mutual Liability Insurance Company of Wisconsin. This policy of liability insurance contained the following condition:

"The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits; and the company shall reimburse the insured for expenses, other than loss of earnings, incurred at the company's request. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of accident."

The Employers Mutual Liability Insurance Company of Wisconsin has been notified that it will be expected to satisfy this judgment against Robert H. Andrus and in favor of Sara Williams.

It denies liability on its part because of an alleged breach of the policy provisions by the insured Robert H. Andrus, and files a bill of complaint in this court against Robert H. Andrus and Sara Williams seeking the following relief:

1. That the action of the defendant Robert H. Andrus in making a false statement or statements to the plaintiff as to the cause of the accident was a breach of the policy provisions and conditions.

2. That neither of the defendants is entitled to recover from the plaintiff under its policy of liability insurance on account of the said accident.

3. That each of the defendants be restrained from instituting any action against the plaintiff for the recovery of any amounts under said policy.

4. That plaintiff recover its costs in this cause.

The plaintiff's bill of complaint alleges that the Employers Mutual Liability Insurance Company of Wisconsin is a corporation, organized and existing under the laws of the State of Wisconsin, and is a citizen of the State of Wisconsin; that the defendant Robert H. Andrus is not a citizen of the State of Wisconsin but is now and for more than a year past has been a resident of Birmingham, Alabama; that the defendant Sara Williams is a citizen of the State of Alabama and resides in Montgomery County, Alabama.

The defendants Robert H. Andrus and Sara Williams have filed motions to dismiss the plaintiff's bill of complaint and assign as grounds therefor the following:

1. That this court lacks jurisdiction, in that the plaintiff is a citizen of the State of Wisconsin and the defendant Robert H. Andrus is a citizen of the State of Michigan, resides there, and is an inhabitant of that State.

2. That the defendant Robert H. Andrus is not a citizen, an inhabitant nor a resident of the State of Alabama.

3. That the amount in controversy is less than three thousand dollars exclusive of interest and costs.

The matter is now before the court on the defendants' motion to dismiss the plaintiff's bill of complaint. Arguments have been made by counsel for the respective parties and briefs have been submitted to the court.

The defendants appear specially and move the court to dismiss the complaint upon the ground that this court does not have jurisdiction over the subject matter of the suit or the party Robert H. Andrus thereto, an indispensible party to the suit.

Title 28 U.S.C.A. § 41(1), provides that the district court shall have "original jurisdiction" of certain classes of civil suits, including suits "between citizens of different States," where the value of the subject matter in controversy, exclusive of interest and costs, exceeds

$3,000. This section conveys jurisdiction upon the district courts in certain civil suits. Jurisdiction is the power to decide a case on its merits. The plaintiff's bill of complaint alleges that it, the Employers Mutual Liability Insurance Corporation of Wisconsin, is a citizen of the State of Wisconsin; that the defendant Sara Williams is a citizen of Montgomery County, Alabama, and that the defendant Robert H. Andrus is not a citizen of the State of Wisconsin, but is a resident of the State of Alabama. Therefore, this is a suit between citizens of different States. Even if the contention of Andrus be true, that the plaintiff is a citizen of the State of Wisconsin and that he is a citizen of the State of Michigan, the provisions of the statute giving the district courts original jurisdiction "between citizens of different States" would have been met. The court has general jurisdiction of the suit, the amount involved being properly pleaded as upwards of $3,000, and it being a suit between citizens of different States.

Section 112, supra, provides that "Where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

It is settled law that section 41 (1) invests each of the district courts with general jurisdiction of all civil suits between citizens of the different states, where the matter in controversy is of the requisite pecuniary value, and that section 112, supra, does not detract from that general jurisdiction but merely accords to the defendant a personal privilege respecting the venue. Brooks v. Yarbrough, 10 Cir., 37 F.2d 527. Venue, differing from jurisdiction, relates to the place where suit may be heard. Jurisdiction of the subject-matter relates to the right of the court to hear and decide; jurisdiction of the parties concerns merely their personal privileges. Agreement of parties cannot confer upon a federal court authority to determine a subject-matter not included in the grant of power, yet, if the subject-matter is within the grant, jurisdiction of the parties may be acquired by consent or acquiescence. Toledo, St. L. & W. R. Co. v. Perenchio, 7 Cir., 205 F. 472.

Assuming, however, without deciding, that Robert H. Andrus is a citizen of the State of Michigan, as he alleges in his motion to dismiss, the court has general jurisdiction of the subject-matter, and the court now holds that venue has been properly pleaded by the plaintiff with the allegation that the defendant Robert H. Andrus is now and for more than a year past has been a resident of Birmingham, Alabama.

No objection has been made to this court's jurisdiction of the party defendant Sara Williams, she being a citizen and resident of the middle district of Alabama.

It is now ordered, adjudged and decreed that the defendants' motions to dismiss the plaintiff's bill of complaint out of this court be, and the same is, overruled and denied.

The defendants are given fifteen days in which to file an answer to the plaintiff's bill of complaint.